[No. 28802. Department One. December 28, 1942.]

LOUIS H. EUBANKS, *et al., Respondents,* v. EDWARD N. BUCKLEY, *et al., Appellants.*[1]

*Oliver R. Ingersoll,* for appellants.

*William Lee Parr* and *R. F. Dotsch,* for respondents.

MILLARD, J.—On the theory of ownership of the subject matter of the controversy by (1) adverse possession for a period of at least ten consecutive years and by (2) continuous and exclusive possession under color of title and by payment of taxes legally assessed against the property for a period of at least seven years, plaintiffs commenced this action August 9, 1941, to (1) quiet title in themselves to a strip of land in Thurston county lying between the properties of

[1]Reported in 132 P. (2d) 353.

plaintiffs and defendants; (2) correct description of plaintiffs' land; (3) require defendants to remove a fence alleged to have been unlawfully erected by them upon plaintiffs' land; and (4) compel defendants to restore fence, which defendants unlawfully destroyed in 1940, establishing correct north and south line between plaintiffs' and defendants' properties. By answer and cross-complaint, defendants pleaded the general denial and claimed legal title to, and right of possession of, the property in controversy. The cause was tried to the court which found, substantially, as follows:

Plaintiffs and their predecessors in interest had been in continuous, notorious, and adverse possession of the property in question, the corrected description of which is as follows, for more than twenty years last past, during all of which period the same had been enclosed by fences, and plaintiffs and their predecessors had paid all taxes legally assessed against that property, from which in 1940 defendants moved fence correctly marking north and south line between plaintiffs' and defendants' properties to the east a distance of thirty-three feet:

"All that portion of the Calvin H. Hale Donation Claim No. 42, Township 18 North, Range 2 west of W.M., more particularly described as follows: Beginning at a point 450 feet south of the northeast corner of the land platted as Hale's Addition; running thence west 638 feet; thence south 660 feet more or less, to the north line of the Josiah Miller Tract (Vol. 33, page 118 Thurston County Deed Records); thence east 590 feet, more or less, to the northeast corner of said Josiah Miller Tract, *which northeast corner is 67.6 feet distance west of the east line of said Hale's addition;* thence south 250 feet, more or less, to the south line of Josiah Miller Tract; thence east to southeast corner of said Hale's Addition; thence north to place of beginning." (Italics are ours and indicate

language which was added by the trial court to correctly describe the land owned by plaintiffs.)

In the court's findings is, briefly, the following abstract of title (all deeds are of record) under claim and color of which plaintiffs and their predecessors have been in possession of, and paid the legally assessed taxes against, the above-described property more than twenty years: Quitclaim deed, July 31, 1912, of Gilbert F. Young to Frank Blake. Warranty deed executed June 26, 1909, from Pamela C. Hale to Frank Blake. Warranty deed, July 25, 1932, from Frank Blake and wife to Charles P. Roundtree and wife. Warranty deed, July 25, 1932, from Charles P. Roundtree and wife to Harley E. Hedges and wife. Quitclaim deed executed February 29, 1940, Harley E. Hedges and wife to plaintiffs Louis H. Eubanks and wife.

The court also found that, as alleged by plaintiffs, defendants removed fence from the correct boundary line between the properties of the parties herein.

In consonance with the court's findings and conclusions, decree was entered which quiets title in plaintiffs to the property in controversy, requires defendants to remove fence they erected across the property and to restore fence which marked north and south line between the lands of plaintiffs and defendants. From that decree, defendants appealed.

The question presented by this appeal is one of adverse possession, a question of fact which the trial court found, after seeing and hearing the witnesses, examining the deeds and copies of plats introduced in evidence, and viewing the premises, in favor of respondents. If, as the trial court found, respondents and their predecessors in interest had actual, open, notorious, continuous, and exclusive use and possession, and under color of title or claim of right in good

faith, of the land in controversy for a period of at least ten consecutive years prior to institution of this action, the judgment should be affirmed.

The evidence amply sustains the finding of the trial court. It fairly appears from an examination of the deeds and other evidence that appellants, who acquired title in 1932, and their predecessors in interest, owned a tract of land commencing thirty feet south of the northeast corner of the Bigelow donation claim in section 13, township 18 north, range 2 west, W.M.; thence west 237 feet, 7 inches; thence south 267 feet; thence east 1023 feet; thence north 267 feet; thence west 785 feet, 5 inches to place of beginning, containing 6.27 acres, more or less, being vacated blocks one to four, inclusive, of C. H. Hale's addition to Olympia. Respondents' property commences 450 feet south of northeast corner of Hale's addition; thence west 638 feet; thence south 660 feet to the north line of the Josiah Miller tract, which would be respondents' southern boundary and appellants' northern boundary line; thence east 590 feet to the northeast corner of Josiah Miller tract, which is the northeast corner of appellant's property and is 67.6 feet west of the east line of Hale's addition; thence south 250 feet to the south line of Josiah Miller tract, which point is the southeast corner of appellants' property; thence east 67.6 feet to southeast corner of Hale's addition; thence north along east line of Hale's addition to place of beginning.

It will be noted that the lands were not sold with reference to plat, but by metes and bounds, as the plat was vacated in 1894. It is clear that appellants have within the calls in their deed all the property (273,141 square feet, or 6.27 acres) to which they are entitled.

Respondents and their predecessors in interest have, since 1909, under claim and color of title, in good

faith, had open, notorious, continuous, and exclusive use and possession of the property claimed by them. As far back as 1900, the east terminal of the east and west fence marking the north and south line between appellants' and respondents' tracts of land was 67.6 feet west of the east line of Hale's addition. Twenty years ago, one witness testified, the fence was on the line which respondents claim is the boundary. In 1932, the north and south fence which enclosed appellants' property at its eastern boundary was rebuilt and it was located, as originally established at least thirty years earlier, 67.6 feet west of the east line of Hale's addition. In 1940, appellants tore down that fence and erected a north and south fence 33 feet east of the east line of their tract, or 33 feet east of the boundary accepted by the parties and their predecessors in interest for forty or more years as the east line of appellants' tract of land, whereupon respondents instituted this action.

■ The adjoining landowners located the division line, believing it to be—clearly, under the description in the instruments of title and other evidence it was— the correct one, and for forty years or longer each of the owners and their successors in interest exercised exclusive dominion up to that line. Appellants, who purchased their tract in 1932, witnessed the rebuilding of a fence on the line adopted by their predecessors in interest as the correct boundary and acquiesced in that line for eight years, then moved the fence 33 feet east of the correct division line. Appellants are estopped to now assert that the line 67.6 feet east of east line of Hale's addition is not the true line.

The judgment is affirmed. ·

ROBINSON, C. J., STEINERT, BLAKE, and JEFFERS, JJ., concur.